(53 South. 366.)

No. 18,329.

LONG v. CHARLES A. KAUFMAN CO., Limited.

(June 25, 1910. Rehearing Denied Oct. 18, 1910.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR (§ 465*)—SUSPENSIVE APPEAL BOND—SUFFICIENCY.

A suspensive appeal bond must exceed by one-half the principal and interest of the judgment, and, where the bond only exceeds by one-half the principal of the judgment, the appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2235–2240; Dec. Dig. § 465.*]

2. APPEAL AND ERROR (§ 800*)—SUSPENSIVE APPEAL—DISMISSAL—DEFENSE TO MOTION.

Appellant in response to a motion to dismiss the appeal for want of sufficient appeal bond cannot file a plea of lis pendens on the ground that at the time of the filing of the motion there was pending in the lower court a rule to show cause involving the issue of the sufficiency of the bond.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 800.*]

3. APPEAL AND ERROR (§ 778*)—SUSPENSIVE APPEAL—SUFFICIENCY OF BOND.

The Supreme Court has power to determine whether an appeal lodged in the Supreme Court shall continue in the court or shall be dismissed for insufficiency of the suspensive appeal bond.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 778.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by George W. Long against the Charles A. Kaufman Company. From a judgment for plaintiff, defendant appeals. Dismissed.

Solomon Wolff and Dinkelspiel, Hart & Davey, for appellant. A. A. Calongne, Arthur J. Peters, and Woodville & Woodville, for appellee.

## On Motion to Dismiss.

PROVOSTY, J. Only a suspensive appeal was obtained in this case, and the amount of the bond was not fixed, but the bond was ordered to be given according to law.

This meant that the bond should be given in an amount exceeding by one-half the amount of the judgment in principal and interest. The bond given exceeds by one-half the principal of the judgment, but not the principal and interest; and a motion has been made to dismiss the appeal because of insufficiency of the bond. Counsel for appellant recognized that by a long line of decisions interest must be included in computing the amount of a suspensive appeal bond; but contend that this jurisprudence is wrong. Their chief reliance is upon the case of Paland v. C., St. L. & N. O. R. R. Co., 42 La. Ann. 290, 7 South. 899, where our predecessors intimated that they would change that jurisprudence if it were not so firmly established. With all due deference to our honored predecessors, that jurisprudence is in our opinion not only fixed, but right.

As a bar to the motion to dismiss, counsel for appellant has filed in this court a plea of lis pendens, based on the fact that at the time the motion to dismiss was filed there was pending in the lower court a rule to show cause involving the same issue of the sufficiency of this appeal bond. This plea of lis pendens cannot prevail for many reasons; among others, for the reason that there are not two suits but only one; that the suit was filed in this court by the appellant, and it does not lie in the mouth of a litigant to urge a plea against his own suit; that to this court belongs the determination of whether an appeal lodged in this court shall continue in this court or be dismissed, etc.

Appeal dismissed.